Franklin Interiors, Inc., Appellant, *v.* Browns Lane, Inc., et al.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Maurice A. Nernberg, Jr.,* with him *Nernberg & Nernberg,* for appellant.

*Marcus Aaron, II,* with him *Albert J. Zangrelli, Jr., John F. Bradley,* and *Berkman, Ruslander, Pohl, Lieber & Engel,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

This is an appeal from an order of the lower court granting a Motion to Open a Default Judgment. The facts of the case are as follows:

On July 3, 1973, plaintiff, pursuant to Pa. R. C. P. 1027, mailed his Amended Complaint to the Defendant at the office of defendant's attorney. Defendant received the Amended Complaint on July 6, 1973. On July 24, twenty-one (21) days after he mailed his Amended Complaint, plaintiff obtained Judgment by Default for defendant's failure to respond. On the same day defendant filed Preliminary Objections to the plaintiff's Amended Complaint. On July 30, 1973 defendant filed a Motion to Strike the Judgment Entered by Default on the ground that it was not given twenty (20) days within which to file a responsive pleading to plaintiff's complaint as provided by Pa. R. C. P. 1026. After argument on defendant's Motion to Strike the Default Judgment, the lower court, *sua sponte,* changed the Motion into a Motion to Open Judgment and ordered the Default Judgment opened. From this order plaintiff appeals.

Rule 1026 of the Pa. R. C. P. provides: "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, . . ." Rule 1027 allows service of a pleading, other than a complaint by which an action is commenced, by mailing a copy of the pleading to the attorney of record for the opposing party. The issue in this case is whether the twenty-day period within which to file a responsive pleading to the Amended Complaint begins to run immediately upon deposit of the pleading in the mail or upon receipt of the pleading by the adverse party.

The Pennsylvania Rules of Civil Procedure should be construed, where possible, to give effect to all of the Rules.[1] The Pennsylvania Rules allow a Default Judgment to be entered only when the party who is required to plead is given notice of that requirement and the sanctions which may be incurred for failure to plead within the twenty-day period. Pa. R. C. P. 1037(b); see also *Phillips v. Evans,* 164 Pa. Superior Ct. 410, 65 A. 2d 423 (1949); *Whelan v. Mack,* 190 Pa. Superior Ct. 40, 151 A. 2d 797 (1959). In order to ensure that a party to whom a pleading has been mailed under Pa. R. C. P. 1027 is placed on notice of his requirements to file an answer, the date of receipt of the pleading must be the date which initiates the period for a responsive pleading. 2A Anderson, *Pa. Civ. Prac.* §1026.8 (Supp. 1972); 58 Am. Jur. 2d, *Mailing of Notice,* §27.

A party seeking a default judgment need not prove actual receipt of the pleading served under Rule 1027 since a properly posted pleading raises a presumption that it has been received in due course of mail by the addressee. *Whitmore v. Dwelling House Insurance Co.,* 148 Pa. 405, 23 A. 1131 (1892); *Cameron Estate,* 388 Pa. 25 (1957); *Barsky, Inc. v. Wolverton,* 18 Bucks L.

---

[1] Pa. R. C. P. Rule 128(b), and Rule 132.

Rep. 187, 189 (1968). Therefore a default judgment may then be entered against a party served by mail twenty-one (21) days after the date that the pleading should have arrived by due course of mail.[2] Pa. R. C. P. 106(a). However, a default judgment entered where there has not been strict compliance with the rules of civil procedure is void. *Phillips v. Evans,* supra. A praecipe for judgment by default filed twenty-one (21) days after the date of mailing of the amended complaint is not strict compliance with the Pa. R. C. P. since the effective date of service is the date on which the pleading is received in due course of mail service. 2A Anderson, *Pa. Civ. Prac.* §1026.8 (Supp. 1972). In the instant case, plaintiff obtained its default judgment on July 24, 1973, twenty-one (21) days after it mailed the amended complaint on July 3. Defendant could not possibly have received it until the next day after mailing, or July 4. Thus a default judgment could not have been properly obtained until the 21st day after July 4, 1973. Since the failure to await the due course receipt of mail period is apparent on the face of this record, the lower court should have struck it as a matter of law rather than having granted, *sua sponte,* a motion to open the judgment.

Order of the lower court opening the judgment is vacated, and further, the appellee's petition to strike the default judgment is granted.

---

[2] The presumption of receipt in due course of mail is rebuttable and the party against whom judgment has been taken may offer evidence in support of a petition to open in order to show that notice was not received in due course. *Whitmore v. Dwelling House Insurance Co.,* 148 Pa. 405, 23 A. 1131 (1892); 58 Am. Jur. 2d, *Mailing of Notice* §27. Where the defect is apparent on the face of the record, as in the instant case, a petition to strike is proper. Of course, prior to entry of a default judgment, where an attorney receives notice which he knows to have been delayed in the mail, he may seek an extension of time to respond, either by agreement of the parties or by order of court, as provided in Pa. R. C. P. 248.