513 A.2d 417

Stephen W. MALIZIA and Desiree D. Malizia,
his wife, Appellants,

v.

Daniel F. BECKLEY and Rebecca Beckley, his wife, and
Paul Levi and Carol Levi, t/d/b/a Action Real Estate.

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed July 25, 1986.

258

Michael F. Salisbury, Lock Haven, for appellants.

Charles J. Weyandt, State College, for appellees.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order striking a default judgment on the ground that appellants' ten-day notice of default judgment pursuant to Pa.R.C.P. 237.1 was not signed by appellants or their attorney. We reject the rationale that absence of a signature could have led the recipients of the notice to believe it was sent by "an interloper in the proceedings," and thus to doubt its authenticity. We reverse.

Appellants commenced this action by filing a complaint against appellees and others alleging material misrepresentations in the sale of a residence to appellants, seeking damages and rescission of the conveyance. The complaint, together with a notice to defend, was served on all defendants, including appellees. Due to appellees' failure to respond, two months after service of the complaint appellants' counsel sent by certified mail a ten-day notice of default judgment to appellees as required by Pa.R.C.P. 237.1. Appellants subsequently filed a praecipe for default judgment, which was entered, and notice of the judgment was mailed to appellees. Almost a month afterward, appellees filed a petition to open or strike the default judgment, alleging, inter alia, that the notice of default judgment was not signed as required by Pa.R.C.P. 237.1.

The trial court, in a hearing conducted on October 24, 1985, considered only the issue of the signature on the notice of default judgment. The court held that absence of a signature was a fatal defect on the face of the record which required that the judgment be stricken. Its reason-

ing was that "there's no indication that it's authentic or legitimate," and it might have been mailed by "an interloper in the proceedings." N.T., October 24, 1985, at 6, 7.[1]

The allegedly defective notice of default judgment was identical in all respects to the form of notice set forth in Rule 237.1(c) except for the final portion of the form, as to which the rule specifies:

```
----------------------------
```
(Signature of Plaintiff
or Attorney)

```
----------------------------
```
(Address)

Pa.R.C.P. 237.1(c). This portion of appellant's notice read as follows, in typewritten form:

Michael F. Salisbury, Esquire
ROSAMILIA, O'CONNOR & SALISBURY
241 West Main Street
Lock Haven, Pennsylvania 17745

The question is whether the foregoing authentication complies with the rule, which requires the notice to be "substantially" in the form printed therein.

Black's Law Dictionary, Rev. 4th ed. (1968), defines "substantially" as "essentially; without material qualification; in the main; in substance; materially." We hold that the notice in question is "substantially" in the form required by Rule 237.1. The explanatory note which accompanied the rule upon its adoption in 1979 provides some guidance. As to its purpose, the rules committee stated:

The increasing number of petitions being filed in the common pleas courts throughout the Commonwealth to open default judgments and the ensuing appeals have become a matter of concern to the courts.

One part of the problem arises from the entry of "snap judgments" without notice, a practice sharply disapproved by the Superior Court, and the lack of notice is

1. The court adopted the transcript of the October 24, 1985, proceedings as the statement of reasons for its rulings as required by Pa.R. A.P. 1925(a).

frequently singled out as an important factor justifying the opening of a default judgment.

. . . .

Subdivision (c) of the Rule prescribes the form of notice when a default judgment is to be entered. It is adapted from the notice to defend which Rule 1018.1 requires on every complaint. It informs the defendant of the need for action, the consequences of default and where he can obtain a lawyer. Since the notice will in many cases be sent to an as yet unrepresented defendant, it was felt that repetition of the notice to defend, in modified form, would help stimulate action and stem the tide of petitions to open.

Pa.R.C.P. 237.1, Explanatory Comment, 1979. In keeping with the stated purpose, we believe the form of notice mailed by appellant was entirely as effective as one signed by hand.

The word "signature" is defined by Black's Law Dictionary, *supra*, as follows:

The act of putting down a man's name at the end of an instrument to attest its validity, the name thus written. A "signature" may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another, and a signature lithographed on an instrument by a party is sufficient for the purpose of signing it; it being immaterial with what kind of instrument a signature is made. . . . And whatever mark, symbol, or device one may choose to employ as representative of himself is sufficient.

(citations omitted). It is clear that the identification on appellant's notice conforms with the foregoing definition of "signature."

We note, as well, that the Commercial Code, 13 Pa.C.S., defines the word "signed" similarly. It "[i]ncludes any symbol executed or adopted by a party with present intention to authenticate a writing." 13 Pa.C.S. § 1201. The 1972 Uniform Commercial Code Comment to the definition elaborates:

39. "Signed." New. The inclusion of authentication in the definition of "signed" is to make clear that as the term is used in this Act a complete signature is not necessary. Authentication may be printed, stamped or written; it may be by initials or by thumbprint. It may be on any part of the document and in appropriate cases may be found in a billhead of letterhead. No catalog of possible authentications can be complete and the court must use common sense and commercial experience in passing upon these matters. The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing.

The inclusive concept expressed in the Commercial Code definition is significant for it relates to the statute of frauds requirement that a contract be "signed by the party against whom enforcement is sought." 13 Pa.C.S. § 2201(a).

Finally, it is clear that in this case, the form of signature adopted by appellant's counsel did not operate to confuse appellees or to raise in their minds specters of interlopers in the proceedings. Their petition to open judgment, in paragraphs twelve through sixteen, avers that they regarded the notice as being legitimate and official, but were unable to obtain counsel in time to avoid the default judgment. The averments of paragraph seventeen likewise belie any semblance of confusion due to the typewritten signature.

We therefore hold that the typewritten signature was in substantially the form required by Rule 237.1(c), and was not a proper basis to strike the judgment.

Appellees' petition attacking the default judgment set forth several other bases to strike or open the judgment which were not addressed by the trial court after the court struck the judgment for lack of a handwritten signature. We remand the case for consideration of appellees' remaining arguments, some or all of which may merit striking or opening the judgment.

Order reversed and case remanded for further proceedings. Jurisdiction relinquished.