**CITY OF PHILADELPHIA**

v.

**DAVID J. LANE ADVERTISING, INC. and David J. Lane, Officer.**

**Appeal: of David J. Lane.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2011.

Decided Oct. 4, 2011.

Joseph D. DiGuglielmo, Philadelphia, for appellant.

Kelly Susan Diffily, Philadelphia, for appellee.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

David J. Lane (Lane) appeals from the order of the Court of Common Pleas of Philadelphia County (common pleas court), which denied his Petition to Strike Off Default Judgment. For the reasons set forth below, we reverse the common pleas court.

On April 28, 1999, the City of Philadelphia (City) commenced an action against David J. Lane Advertising, Inc. (Company) and Lane as an officer of the Company (collectively, Defendants) pursuant to the Wage and Net Profits Tax Ordinance, Section 19–1500 of the Philadelphia Code. The City alleged that Defendants withheld wage taxes from the Company's employees but failed to remit the monies due for 1988 and 1989. The City alleged that Lane was personally liable for the amounts set forth in the complaint, as trustee *ex maleficio*. The City sought a monetary judgment against each defendant in the amount of $27,919.43, plus interest, penalties, attorneys' fees, and costs.

Pursuant to local rule of court, the matter was assigned to arbitration based on the amount in controversy. The prothonotary of the common pleas court stamped a notice in red ink on the cover sheet of the complaint, which provided that the matter had been assigned to arbitration and that the arbitration hearing would take place on December 24, 1999, 2:30 p.m., at 1601

Market Street, 2nd Floor, Philadelphia. The stamp also provided that notwithstanding the assignment to arbitration, "YOU MUST STILL COMPLY WITH THE NOTICE BELOW," meaning the notice to defend on the cover of the complaint. (Reproduced Record (R.R.) at 9a.)

The Sheriff of Montgomery County served the City's complaint on Defendants on May 4, 1999. Defendants did not file a responsive pleading to the complaint within twenty (20) days, as required by Pa. R.C.P. No. 1026(a). Roughly six (6) months thereafter, the City sent a notice to each defendant dated November 17, 1999, indicating its intention to seek a default judgment if Defendants failed to act within ten (10) days (10–Day Notice). (R.R. at 26a, 27a.) *See* Pa. R.C.P. No. 237.1(a)(2).[1] Defendants did not file a responsive pleading. On December 2, 1999 (*i.e.*, weeks before the scheduled arbitration hearing), acting on the City's praecipe, the common pleas court entered judgment by default in the City's favor and against Defendants.

The certified docket entries reflect that in or around July 2009, the City began collection efforts through writs of attachment against several banks as garnishees,

which appear to have been unsuccessful. In November 2009, counsel entered their appearance for Lane and petitioned to strike the default judgment.[2] Lane raised five (5) grounds to support his request:

(1) the City's 10–Day Notice was deficient;

(2) the multiple notices affixed to the City's Complaint, separately or collectively, were contradictory and misleading and failed to provide the notice required by Pa. R.C.P. No. 1018.1;

(3) the City's underlying claim was barred by laches;

(4) the City's complaint lacks sufficient averments to establish a claim against Lane personally; and

(5) the common pleas court erred in assigning the matter to arbitration because a panel of arbitrators lacked the authority to grant the relief that the City sought in its complaint.

(R.R. at 31a–41a.) The common pleas court denied the petition by order dated January 27, 2010.

Lane appealed,[3] and the common pleas court filed an opinion in support of its order on March 24, 2010.[4] In support of

---

1. Rule 237.1(a)(2) of the Pennsylvania Rules of Civil Procedure provides:

    No judgment of non pros for failure to file a complaint or by default for failure to plead shall be filed by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

    . . .

    (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

2. It is not clear from the record whether the Company still exists or, if so, whether it has

any assets. We note only that counsel filed the petition to set aside only on behalf of Lane and, similarly, this appeal is on behalf of Lane only and not the Company.

3. Lane appealed to the Superior Court of Pennsylvania, which transferred the appeal to this Court for disposition.

4. In the intervening period and while this appeal was pending, the City again attempted to execute on the default judgment against various financial institutions as garnishees. This time, however, the City had some apparent success, seizing $46,625.45 of Lane's funds from Citizens Bank of Pennsylvania. (R.R. at 6a–7a.)

its order, the common pleas court found that there was no question that Lane was properly served with the complaint, that he received the City's 10–Day Notice, and that he received the notice of entry of a default judgment. The common pleas court concluded that the City's 10–Day Notice complied with Rules 237.1 and 237.5 and, therefore, was not deficient as Lane claimed. The common pleas court refused to consider Lane's argument that the notices misled and confused him, as to do so would have required the common pleas court to consider matters not of record. The trial court did not specifically address in its opinion any of the other arguments Lane raised in his petition to strike.[5] On appeal, Lane essentially raises the same issues that he raised in his petition to strike.[6]

■ We begin our analysis by noting that default judgments are generally not favored. *See Kennedy v. Black*, 492 Pa. 397, 402, 424 A.2d 1250, 1252 (1981). In considering a motion to strike a default judgment the court is limited to the facts of record at the time the judgment was entered. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 549 Pa. 84, 700 A.2d 915 (1997). Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. *See First Union Nat'l Bank v. Portside Refrigerated Serv., Inc.*, 827 A.2d 1224, 1227 (Pa.Super.2003).

■ Of the issues that Lane raises, we find that only one has particular merit and is an appropriate basis on which to set aside the default judgment in this case under the above standards. "A record that reflects a failure to comply with Rule 237.1 [of the Pennsylvania Rules of Civil Procedure] is facially defective and cannot support a default judgment." *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387 (Pa.Super.2003); *see PennWest Farm Credit, ACA v. Hare*, 410 Pa.Super. 422, 600 A.2d 213, 215–16 (1991) ("Generally, if the record affirmatively shows a failure to comply with Pa. R.C.P. [No.] 237.1, the record is defective and will not support the entry of a default judgment." (footnote omitted)). Rule 237.1(a)(2) requires the plaintiff to provide notice to the defendant of its intent to seek a default judgment. Rule 237.5 requires that the notice "substantially" be in the form established by the Pennsylvania Supreme Court and set forth in the rule. Thus, if the notice provided is not "substantially" in the form adopted by the Pennsylvania Supreme Court, then the plaintiff has not complied with Rule 237.1 and the default judgment cannot stand.

■ The City initiated this action in December 1999. At that time, like today, Rule 237.5, in relevant part, required that the 10–Day Notice "be substantially in the following form":

IMPORTANT NOTICE
YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO *ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT*

---

5. The common pleas court also noted the difference between a petition to strike a default judgment and a petition to "open" a default judgment and analyzed Lane's petition as if it were both. On appeal, Lane maintains that his petition was one to "strike" the default judgment. Accordingly, we will treat it as such in this appeal.

6. This Court's review of a denial of a petition to strike a default judgment is limited to whether the common pleas court committed an error of law. *Resolution Trust Corp. v. Copley Qu–Wayne Assocs.*, 546 Pa. 98, 683 A.2d 269 (1996).

*YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.* UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

Pa. R.C.P. No. 237.5 (emphasis added). The corresponding portion of the City's 10–Day Notice to Lane provided:

### IMPORTANT NOTICE

You are in default because you have *failed to take action required of you in this case.* Unless you act within ten (10) days from the date of this notice, a Judgment may be entered against you without a hearing and you may lose your property or other important rights. . . .

(R.R. at 26a (emphasis added).)

The City's notice is not *identical* to the Rule 237.5 form. Rather than instructing Lane specifically of what he failed to do that led the City to issue the notice, as the Rule 237.5 form provides, the City's notice only informed Lane that he was in default because he "failed to take action required of [him] in this case." In light of this apparent inconsistency on the face of the record, our analysis must proceed as follows: (a) did the City's notice comply with Rule 237.5 because, though not identical, it was "substantially" in the form required by the rule, and, if not, (b) is it a fatal defect such that the default judgment must be set aside.

As to the first question, the City's use of the general "failed to take action required of you in this case" language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form—"failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa. R.C.P. No. 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments." Pa. R.C.P. No. 237.5 comment.[7]

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant *specifically* what it failed to do (*i.e.,* why it was

---

**7.** Though explanatory comments accompanying the rules of civil procedure do not constitute part of the rule itself, "they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted." *Laudenberger v. Port Auth. of Allegheny Cnty.,* 496 Pa. 52, 59, 436 A.2d 147, 151 (1981), *appeal dismissed sub nom. Bucheit v. Laudenberger,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982).

in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of *why* the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant, in many cases unrepresented at that point, of the defendant's specific pleading obligations.

In *Township of Chester v. Steuber*, 72 Pa.Cmwlth. 134, 456 A.2d 669 (1983), we considered whether a particular 10–Day Notice substantially complied with the Old Form Notice. The challenged notice, in the form of a letter, provided:

> To Whom It May Concern:
>
> Please be advised that the Complaint in the above captioned matter was served on the Township of Chester on November 3, 1980. *To date no answer has been interposed.*
>
> This will advise that *if an answer or other response of pleading is not interposed within ten days of the date of this letter,* I will enter a default judgment against you.

*Twp. of Chester*, 456 A.2d at 670 n. 3 (emphasis added). Despite the obvious differences between the letter notice and the Old Form Notice, this Court held that the notice "substantially" followed the Old Form:

> This letter notified the township that it was in default and that the Steubers intended to seek a default judgment within ten days if they did not hear from the township. Furthermore, the letter was directed to the legal department. Therefore, we conclude that the letter

"substantially" followed the form suggested under Pa. R.C.P. No. 237.1(c). *Id.*

■ Today, we can read *Township of Chester* for the proposition that in order for a 10–Day Notice to comply with the Old Form Notice, the notice need only notify the defendant that it is in default, notify the defendant that the plaintiff intends to seek a default judgment if action is not taken within ten (10) days, and include some indicia of notice to legal counsel for the defendant, if represented. But with the 2004 amendment, Rule 237.5 now imposes an *additional* notice requirement on a plaintiff who wishes to obtain a judgment by default—*i.e.,* the plaintiff must now include in the 10–Day Notice *specific* reasons *why* the defendant is in default.[8] It is this additional notice that is absent in *any* form from the City's 10–Day Notice. Without this additional notice component, required by the Pennsylvania Rules of Civil Procedure for over five (5) years *before* the City filed its complaint, we cannot consider the City's notice to be "substantially" in the form required by Rule 237.5. The City, therefore, failed to comply with Rule 237.5 and, consequently, Rule 237.1(a)(2) of the Pennsylvania Rules of Civil Procedure.

We must now determine whether the City's failure to comply with the 10–Day Notice requirement is a fatal defect on the record, such that the default judgment must be set aside. As noted above, "[a] record that reflects a failure to comply with Rule 237.1 [of the Pennsylvania Rules of Civil Procedure] is facially defective and cannot support a default judgment." *Erie Ins. Co.*, 839 A.2d at 387. "[S]ince the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio.*"

---

8. Oddly enough, the letter notice in *Township of Chester* did just that. In this regard, it provided greater notice to the township than the Old Form Notice required.

*Id.* In *Erie Ins. Co.*, the Superior Court struck a default judgment because the plaintiff served the required 10–Day Notice only on the attorney who represented the defendant in a pre-complaint investigation. The court reasoned that the rule, for a reason, requires service of the 10–Day Notice on the defendant *and* the attorney of record, if any. By failing to provide dual service, the plaintiff "disregarded the letter, spirit, and purpose of the rule requiring dual service." *Id.* at 388.

In *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 323 A.2d 226 (1974), the Superior Court observed: "[A] default judgment entered where there has not been strict compliance with the rules of civil procedure is void." *Franklin Interiors*, 323 A.2d at 228. In light of our Supreme Court's view that default judgments are generally disfavored, we agree with the Superior Court.[9] Rules allowing a party to obtain a judgment by filing a praecipe, whether for non pros or by default for failure to plead, must be strictly construed. The 10–Day Notice required by Rule 237.1 in this case was defective on its face, as it was not "substantially" in the form required by Rule 237.5. Rather, the notice was based on the Old Form Notice, which the Pennsylvania Supreme Court amended to include the very language that the City omitted from its notice in this case—language that the Supreme Court added for a specific reason. *See Erie Ins. Co.* Failure to include this key language was, therefore, a fatal defect. Regardless of the level of actual notice Lane had, he did not have the type and extent of notice that the Pennsylvania Supreme Court required the City to provide before obtaining a default judgment.

What is before us in this case is purely a question of law. Were we permitted to balance the equities in this case, the analysis would be quite different.[10] Our focus

---

**9.** The City argues that this portion of *Franklin Interiors* is no longer good law in light of the Supreme Court's ruling in *Cintas*. In *Cintas*, the Superior Court struck a default judgment because the affidavit of service of the complaint required by Pa. R.C.P. No. 405 was not executed by the person who actually served the complaint, as the rule requires. The Supreme Court reversed, holding that while the affidavit of service was deficient in this regard, it "contained sufficient information for a court to determine that service was proper, and any noncompliance with Rule 405(a) did not render service fatally defective." *Cintas*, 549 Pa. at 92, 700 A.2d at 918. We do not read *Cintas* as an indictment of the Superior Court's observation in *Franklin Interiors* related to strict compliance with rules to secure a default judgment. The Supreme Court merely applied the standard, which we apply in this case, that a default judgment should be stricken only where there is a "fatal" defect on the record. The procedural rule at issue in *Cintas* related to service of original process and not, as in this case, to the specific procedural rules for securing a judgment by default. Because the face of the record allowed the court to determine that the plaintiff actually served original process on the defendant, the Supreme Court reasoned that failure to adhere strictly to the rule requiring notice *to the court* of service of process by the person that actually served the complaint was not fatal.

Here, by contrast, we are asked to determine whether the failure to provide the required notice *to the defendant* under Rule 237.1 before filing the praecipe for a default judgment is a fatal defect. Our conclusion above that failure to provide in substance the required notice *to the defendant* under Rule 237.1 is a fatal defect is not at odds with the Supreme Court's decision in *Cintas*.

**10.** This is not to say that the result would necessarily change. Indeed, there are equitable considerations favoring both parties in this matter. There appears on the record a lack of due diligence on both sides in pursuing or defending this alleged claim for failure to pay taxes due over two decades ago. And while the Court is not convinced that Lane was completely ignorant of the City's suit, its efforts to secure a default judgment, or what he needed to do to avoid a default judgment, the City's use of the Old Form Notice, instead

here is not on whether Lane is deserving of relief from the default judgment; rather, it is on whether the City was entitled to the default judgment in the first instance. For the reasons set forth above, we conclude that the City's failure to comply with the notice provision of Rule 237.1 of the Pennsylvania Rules of Civil Procedure in this case justifies an order striking the default judgment.[11] On this basis, we reverse the common pleas court.

### ORDER

AND NOW, this 4th day of October, 2011, the order of the Court of Common Pleas of Philadelphia County denying the Petition to Strike Off Default Judgment is REVERSED. The default judgment is STRICKEN.

### DISSENTING OPINION BY Judge McGINLEY.

I dissent. The City's 10–day notice, as written, was "technically" defective. However, it was not "fatally" defective because it did not facilitate Defendants' default or have any bearing whatsoever on Defendants' conduct.

This is a subtle argument, but I do not believe it should be ignored in favor of finding a defect "fatal" because the 10–Day Notice failed to follow Pa. R.C.P. No. 237.5 word-for-word. The Majority summarily concludes that since the 10–Day Notice failed to include the language added in 1994, it was "fatally defective" *per se.*

Unlike the Majority, I believe courts must look at the particular circumstances of each case to determine if the defect was "fatal" before opening the judgment.

A "fatal defect" in a notice is one that misleads, misinforms or one that fails to inform at all. Here, there was no misinformation. The City's 10–Day Notice, although it did not follow Pa. R.C.P. No. 237.5 word-for-word, it did serve to warn Defendants that *they were in default, that action was required or else a judgment would be entered against them within 10 days.* It was a notice which clearly warned Defendants that an adverse judgment was imminent if they failed to act. The City's 10–day notice in no manner or fashion suggested that *no* action was required of Defendants.

Contrary to the Majority's approach, our courts have, and must continue to, look at the implication of the alleged defect to determine if it is "fatal" as opposed to having a *de minimis* effect.

In *Malizia v. Beckley*, 355 Pa.Super. 257, 513 A.2d 417 (1986), our Superior Court specifically evaluated whether the fact that a 10–Day Notice had not been "signed" had any bearing on the default. There, the plaintiff sent a 10–day default notice. The attorney's name was typewritten but it was not "signed" by plaintiffs or their attorneys as required by Pa. R.C.P. No. 237.5. The trial court found that the absence of a signature was a "fatal defect" on the record which required that the judgment be stricken. The Superior Court reversed. The court concluded that the absence of a signature *"did not operate to confuse [the defendants] or to raise in their minds specters of interlopers in the proceedings"* and was not a proper basis to strike the judgment. *Malizia*, 513 A.2d at 419 (Emphasis added).

---

of complying with the form in Rule 237.5 (which had been in place for over five (5) years *before* the City filed its complaint in this case), is inexplicable.

11. In light of our ruling on this issue, we need not address the other issues Lane raises in his appeal. If we had, however, we would have concluded that they either lack merit or are not proper grounds to strike a default judgment under our standard of review.

By the same token, the missing language in the City's 10–Day Notice clearly did not operate to confuse Defendants as to *whether* they were required to respond to the Complaint. Defendants were specifically advised that they must "enter a written appearance personally or by attorney" and "file in writing with the court" their defenses or objections in the accompanying Notice to Defend, which undisputedly conformed word-for-word to Pa. R.C.P. No. 1018.1. The City's 10–Day Notice warned Defendants that they were in default and that *they must take action.* The fact that the Notice did not restate those alternative actions did not mislead Defendants to believe that they were required to take *no action* in response to the Notice, which is what occurred.

Moreover, Lane does not argue that his inaction was caused by the absence of the missing language or that he did not know what to do, so he was justified to do nothing.

In sum, I believe each case must be analyzed based on its particular circumstances with special attention to whether the defect had repercussions and its effect on a defendants' inaction which caused the default. For example, if no 10–Day Notice is provided, and a defendant defaults, there would be a fatal defect because the lack of notice correlates to a defendant's inaction.

Here, I do not believe the missing language caused Lane *not to respond to the Complaint.* Therefore, it was not a "fatal defect." The Majority's position promotes form over substance.

President Judge LEADBETTER joins in this dissent.