J-S30032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AMANDA B. CRUZ, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY C. LOHIER AND AMANDA B. CRUZ AND MICHAEL LOHIER, IN THEIR OWN RIGHT | : IN THE SUPERIOR COURT OF<br>:     PENNSYLVANIA<br>:<br>:<br>:<br>:<br>: |
| v. | :<br>:<br>: |
| THE MIDWIVES & ASSOCIATES, INC., LAURICE L. DUNNING, R.N. A/K/A LAURICE STEVENS DUNNING, AND WILLIAM H. DUNNING, | :<br>:<br>:<br>:<br>: |
| Appellants | : No. 172 EDA 2019 |

Appeal from the Order Entered December 3, 2018
in the Court of Common Pleas of Lehigh County
Civil Division at No(s):  2017-C-3103

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED JULY 30, 2019**

The Midwives & Associates, Inc. ("Midwives & Associates"), Laurice L. Dunning, R.N., a/k/a Laurice Stevens Dunning ("Laurice"), and William H. Dunning (collectively, "Defendants"), appeal from the Order denying their Petition to Open the default Judgment entered against them and in favor of Amanda B. Cruz ("Cruz"), as administratrix of the Estate of Anthony C. Lohier, and Amanda B. Cruz and Michael Lohier, in their own right (collectively, "Plaintiffs").  We strike the Judgment and remand for further proceedings.

On October 9, 2017, Plaintiffs filed a Writ of Summons against Defendants.  The Sheriff of Lehigh County served Defendants with the Writ of

Summons on October 18, 2017.  On June 4, 2018, Plaintiffs filed a Complaint, including a Notice to Defend, and mailed it to Defendants on the same date.[1] On July 5, 2018, Plaintiffs filed Certificates of Merit with the Prothonotary, and on the same date, served Defendants with same via mail.  Pursuant to the Notice to Defend and Pa.R.C.P. 1042.4,[2] Defendants were required to file a responsive pleading to Plaintiffs' Complaint within twenty days after service of the Certificates of Merit.  The twenty days elapsed on July 25, 2018, without Defendants having filed any responsive pleadings.

On July 26, 2018, Plaintiffs served identical "Notice[(s)] of Intention to File Praecipe for Default Judgment Pursuant to Pa.R.C.P. 237.1" (collectively, "the Default Notice") upon each defendant via mail.  Notably to this appeal, the Default Notice states as follows:

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE.  UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING

---

[1] The Complaint averred that Laurice, a registered nurse and midwife doing business through Midwives & Associates, committed medical malpractice and related torts.  Specifically, Plaintiffs asserted that Laurice was negligent in her medical treatment of Cruz, while Cruz was pregnant, which caused the death of Cruz's son a few days after his birth.  Laurice did not have malpractice insurance in place when she received the Complaint, and no insurer provided her legal counsel.

[2] Pennsylvania Rule of Civil Procedure 1042.4 provides that "[a] defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the certificate of merit on that defendant, whichever is later." ***Id.***

- 2 -

AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET HELP:

Lawyer Referral Service
Lehigh County Bar Association
1114 West Walnut Street
Allentown, PA 18102
610-433-6204

Praecipe to Enter Judgment by Default, 8/9/18, Exhibit E (bold and capitalization in original).

The ten-day period elapsed without the Defendants having entered an appearance or filing a responsive pleading. On August 9, 2018, a default Judgment was entered against Defendants. A Notice of the entry of the default Judgment was mailed to Defendants on the same date.

On August 21, 2018, twelve days after the entry of the default Judgment, Defendants filed a Petition to Open, and attached thereto an Answer and New Matter, pursuant to Pa.R.C.P. 237.3(a). After the hearing on the Petition to Open, the trial court denied the Petition by an Opinion and Order entered on December 3, 2018. Defendants timely filed a Notice of Appeal. The trial court did not order Defendants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Defendants present the following issues for our review:

1. Did the trial court commit an error of law in determining that Defendants['] Petition to Open should not be granted because Defendants failed to establish that their "failure to appear" could be "excused"?

- 3 -

2. Did the trial court manifestly abuse its discretion in determining that Defendants['] Petition to Open should not be granted because Defendants failed to establish that their "failure to appear" could be "excused"?

Brief for Defendants at 7 (some capitalization omitted).

Our standard of review is well settled:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) (citation omitted).

The opening of a default judgment is governed by Pa.R.C.P. 237.3. When a party files a petition to open default judgment within ten days of the entry of the judgment on the docket, then a trial court must open the judgment. *See* Pa.R.C.P. 237.3(b)(1); *Attix v. Lehman*, 925 A.2d 864, 867 (Pa. Super. 2007).[3] But, if the moving party files a petition to open more than 10 days after the entry of judgment (as Defendants did in the instant case), then the party must meet the common law standards for opening a default judgment set forth in the three-prong test outlined by the Pennsylvania

---

[3] The *Attix* Court additionally explained that "[t]he purpose of a default judgment is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim; it is not a means by which a plaintiff can quickly obtain judgment without the difficulties of litigation." *Attix*, 925 A.2d at 867 (citation and quotations omitted). Therefore, default judgments are "generally not favored." *Id.* at 866.

- 4 -

Supreme Court in *Schultz v. Erie Ins. Exch.*, 477 A.2d 471 (Pa. 1984). Under *Schultz*, a trial court may open a default judgment when the moving party establishes that "(1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused." *Id.* at 472 (emphasis omitted). If the petition fails to satisfy any prong of the test, then the petition must be denied. *Watters*, 163 A.3d at 1028.

Here, the trial court found that Defendants met the first two prongs of the *Schultz* test. *See* Trial Court Opinion and Order, 12/3/18, at 3, 8-9. However, the court found that Defendants failed to meet the third prong, *i.e.*, that Defendants' failure to act was "excusable." *See id.* at 3-8.

Under the specific circumstances of this case, we need not address the *Schultz* factors. Rather, we will strike the default judgment on our own petition, because the notice of default judgment in this case was defective on its face, based on this Court's decision in *AmeriChoice Fed. Credit Union v. Ross*, 135 A.3d 1018 (Pa. Super. 2015). In that case, AmeriChoice, the lender of an overdue mortgage to the defendants ("Homeowners"), caused a default judgment to be entered against Homeowners, after (1) Homeowners failed to file responsive pleadings to the Complaint; and (2) AmeriChoice mailed to Homeowners, pursuant to Pa.R.C.P. 237.1, a notice of AmeriChoice's intention to file a praecipe for default judgment ("Notice"), to which Homeowners did not timely respond. *Ross*, 135 A.3d at 1021. In announcing

its holding that the trial court erred in denying Homeowners' Petition to strike

the default judgment, this Court stated as follows:

> Of relevance to this appeal, [Pa.R.C.P.] 237.1(a)(2) prohibits the trial court prothonotary from entering default judgment against a party "unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered … after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2)(ii). [Pa.R.C.P.] 237.5 requires the 237.1(a)(2) notice to "substantially" comply with the following format:

> **(CAPTION)**

> To: ------------------    (Defendant)

> Date of Notice: -----------------

> **IMPORTANT NOTICE**

> YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

> -----------------

(Name of Office)

-----------------

(Address of Office)

-----------------

(Telephone Number)

-----------------

(Signature of Plaintiff or Attorney)

-----------------

(Address)

Pa.R.C.P. 237.5.

     Homeowners assert that AmeriChoice's Notice failed to substantially comply with Rule 237.5, thus depriving the trial court's prothonotary of the authority to enter default judgment pursuant to Rule 237.1. In support of their argument, Homeowners rely upon **Oswald v. WB Pub. Square Assocs., LLC**, 2013 PA Super 289, 80 A.3d 790 (Pa. Super. 2013), and **City of Philadelphia v. David J. Lane Adver., Inc.**, 33 A.3d 674, 679 (Pa. Commw. 2011).

     In **Oswald**, the plaintiff initiated an action against the defendant by filing a complaint with proper service. After the defendant failed to respond to the complaint, the plaintiff sent the defendant notice of her intention to file a praecipe for default judgment. The default judgment notice provided in **Oswald** stated, in relevant part, "You are in default **because you have failed to take action required of you in this case.**" **Id.** at 796 (emphasis added). The **Oswald** Court found that this language was "deficient," as the notice failed to state "**specific** reasons **why** the defendant is in default." **Id.** at 796 (quoting **David J. Lane Adver., Inc.**, 33 A.3d at 679) (emphasis in the original). The Court concluded that failing to include specific reasons for the defendant's default in the notice of default judgment renders the notice "defective on its face," as the document is "not 'substantially' in the form required by Rule 237.5." **Id.** In so holding, the **Oswald** Court adopted the reasoning of the Commonwealth Court in **David J. Lane Advertising**, wherein it explained:

The general[,] "failed to take action required of you in this case" language[,] is consistent with the version of the form in Rule 237.5[,] predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form – "failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. [] 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form[,] helps to stimulate action and stem the tide of petitions to open default judgments."

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant **specifically** what it failed to do (*i.e.*, why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of **why** the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in many cases unrepresented at that point, of the defendant's specific pleading obligations.

*Id.* at 678-79 (internal citations omitted; emphasis in original). The Commonwealth Court examined the above

> legislative and judicial history in the context of its holding in ***Township of Chester v. Steuber***, 72 Pa. Commw. 134, 456 A.2d 669 (Pa. Commw. 1983)[,] and subsequent amendments to Rule 237.5. ***Id.*** at 678-80. Ultimately, the Commonwealth Court concluded that the amendments to Rule 237.5 "impose an **additional** notice requirement on a [plaintiff] who wishes to obtain a judgment by default[;] ... the [plaintiff] must now include in the Ten-Day Notice **specific** reasons **why** the defendant is in default." ***David J. Lane Advertising***, 33 A.3d at 679 (emphasis in original).

***Oswald***, 80 A.3d at 795-96 (footnote omitted, emphasis in the original).

> The Notice provided by AmeriChoice to Homeowners in the case at bar stated, in relevant part, "You are in default **because you have failed to take action required of you in this case.**" AmeriChoice's Praecipe for Default Judgment, 6/4/13, at 2 (emphasis added). This is identical to the language contained in the deficient notice of default judgment provided in ***Oswald***. ***See Oswald***, 80 A.3d at 796. …

* * *

> The law is clear that generally, default judgments are disfavored. ***Attix***[, ***supra***]. AmeriChoice failed to provide any indication on the face of the Notice of precisely why default judgment would be entered against Homeowners. This constitutes a failure to comply with the format contained in Pa.R.C.P. 237.5, and thus constitutes a violation of Pa.R.C.P. 237.1(a)(2). … "It is well established that a record which reflects a failure to comply with Pa.R.C.P. 237.1 is facially defective and cannot support a default judgment." ***Oswald***, 80 A.3d at 796 (citation omitted). "Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio*." ***Id.*** at 797 (citation and italicization omitted). A default judgment that is void *ab initio* "must be stricken without regard to the passage of time." ***Id.*** We therefore reverse the trial court's order denying Homeowners' petition to strike the default judgment entered in this matter and remand the case for further proceedings.

***Ross***, 135 A.3d at 1023-26 (citations to parties' briefs and some brackets omitted).

In the instant case, the language in the Default Notice is *identical* to the language ruled to be insufficient in ***Ross*** and ***Oswald***, and it is thus facially defective. ***See*** Praecipe to Enter Judgment by Default, 8/9/18, Exhibit E (stating, in relevant part, "[y]ou are in default because you have failed to take action required of you in this case." (capitalization omitted)). Therefore, the default Judgment against Defendants was void *ab initio* and must be

stricken. *See AmeriChoice*, *supra*; *Oswald*, *supra*.[4]

Default Judgment against Defendants is stricken. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[4] We acknowledge that Defendants did not raise the issue of the defective language in the Default Notice before the trial court or on appeal. We note the following language in *Oswald*:

> Appellant's original petition challenging [a]ppellee's default judgment[, as in the instant case,] exclusively discussed the issue of opening the default judgment. Generally, this Court will decline to address issues not first raised before the trial court. Pa.R.A.P. 302(a). However, we have long held that a litigant may seek to strike a void judgment at any time. *See Erie Insurance Co. v. Bullard*, 2003 PA Super 448, 839 A.2d 383, 388 (Pa. Super. 2003) …. This Court also permits litigants to attack allegedly void decrees for the first time on appeal. *Mother's Restaurant v. Krystkiewicz*, 2004 PA Super 411, 861 A.2d 327, 337 (Pa. Super. 2004) ….

*Oswald*, 80 A.3d at 793 n.2 (some internal citations omitted). As was the situation in *Oswald*, the default Judgment here was void *ab initio*, not voidable, and thus subject to being stricken at any time, even though Defendants did not challenge the Default Notice on appeal. *See id.* at 797 (stating that "judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities." (citation and quotation marks omitted)). Moreover, our Pennsylvania Supreme Court has stated that void judgments are a "mere blur on the record, [] which it is the duty of the court[,] *of its own motion*[,] to strike off, whenever its attention is called to it." *M & P Management, L.P. v. Williams*, 937 A.2d 398, 401 (Pa. 2007) (emphasis added) (quoting *Romberger v. Romberger*, 139 A. 159, 160 (Pa. 1927)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/19