J-S29017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAWRENCE JOSEPH ROOKS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LABON WALKER, MANARD | : | |
| DANIELS, AND PHILADELPHIA | : | |
| PUBLIC AUTO, INC | : | No. 563 EDA 2021 |
| | : | |
| | : | |
| APPEAL OF: PHILADELPHIA PUBLIC | : | |
| AUTO, INC | : | |

Appeal from the Order Entered February 19, 2021,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  No. 200400210.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED NOVEMBER 22, 2021**

Philadelphia Public Auto, Inc. ("PPA") appeals from the order denying its petition to open the default judgment entered against it in this personal injury action.   Upon review, we strike the judgment and remand for further proceedings.

The procedural history and relevant facts of this case are as follows.  On April 28, 2018, Anthony Labon Walker crashed head on into a vehicle driven by Manard Daniels.  Lawrence Rooks, a passenger in Daniels' vehicle, was injured in the accident.  At the time of accident, Walker was driving a 2005

_____

[*] Former Justice specially assigned to the Superior Court.

Chevrolet Tahoe which he purchased from PPA. The Tahoe, however, was still in PPA's name. Therefore, PPA was the legal owner of the vehicle.

On April 7, 2020, Rooks filed a complaint in this personal injury action against Walker, Daniels, and PPA. On June 20, 2020, Rooks served PPA with a copy of the complaint by leaving it with a clerk at PPA's place of business at 5618-42 Woodland Avenue, Philadelphia, Pennsylvania 19143. PPA did not respond to Rooks' complaint.

On August 27, 2020, Rooks served a ten-day notice of intent to enter a default judgment upon PPA by certified mail. PPA still did not respond.

On September 15, 2020, Rooks praeciped for the entry of a default judgment against PPA, which the prothonotary entered that same day. Notice of the default judgment was sent to PPA.

On October 5, 2020, PPA filed a petition to open the default judgment. The trial court held a hearing on the petition. Waleed Shakir, the manager/vice-president of PPA, testified that when he received Rooks' complaint, he called his insurance agency. He gave them some information and assumed they would take care of it. Shakir further testified that he did not receive the notice of intent to take a default judgment, but only received the notice that judgment had been entered. He then contacted his attorney.

On February 19, 2021, the trial court denied PPA's petition.[1]  PPA filed this timely appeal.

PPA raises two issues for our consideration:

1. Based on this Court's well-established precedent is it required to strike the default judgment where the [d]efault [n]otice was defective on its face thereby rendering the judgment void *ab initio*?

2. Did the trial court commit an error of law/abuse of discretion when it denied [PPA's] [p]etition to [o]pen the [d]efault [j]udgment based on an alleged failure to satisfy the second prong (reasonable excuse), where the court misconstrued/misapplied the law related to the issue, [PPA] had proffered a reasonable excuse supported by evidence, and the equities heavily favor opening the judgment?

Rooks' Brief at 3-4.

In its first issue, PPA asks this Court to strike the default judgment. Specifically, PPA claims that the ten-day default notice was defective on its face, and the judgment should be stricken.  PPA's Brief at 12.  PPA further maintains that this remedy is proper, even though it raises this issue for the first time on appeal.  *Id.* at 15-16.

Typically, an appellant may not raise an issue on appeal which it has not raised with the trial court.  Pa.R.A.P. 302(a).  As PPA acknowledges, it did not raise the issue of striking the default judgment with the trial court.  Below, it only sought to open the judgment. Under Pennsylvania law, a petition to strike

_____

[1] Meanwhile, Rooks obtained a default judgment against Walker for his failure to answer or otherwise plead.  Daniels has answered the complaint.

- 3 -

judgment and a petition to open judgment are separate remedies, which are generally not interchangeable. ***Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.***, 645 A.2d 843, 845 n.2 (Pa. Super. 1994). Nonetheless, where an appellant claims that the underlying judgment is void, this Court has permitted the appellant to challenge that judgment at any time.

In ***Oswald v. WB Pub. Square Assocs., LLC***, 80 A.3d 790 (Pa. Super. 2013), we stated:

> Appellant's original petition challenging Appellee's default judgment exclusively discussed the issue of opening the default judgment. Generally, this Court will decline to address issues not first raised before the trial court. However, we have long held that a litigant may seek to strike a void judgment at any time. This Court also permits litigants to attack allegedly void decrees for the first time on appeal. Consequently, we will address the merits of Appellant's first issue regarding a petition to strike default judgment.

***Id.*** at 793 (citations omitted).[2] Therefore, we will consider PPA's request to strike the default judgment.

Striking a default judgment implicates the Pennsylvania Rules of Civil Procedure and presents a question of law. ***Id.*** Therefore, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

Rule 237.1. prohibits the prothonotary from entering default judgment against a party "unless the praecipe for entry includes a certification that a

---

[2] Also, we note that in ***Cruz v. Midwives & Associates, Inc.***, 2019 WL3431404 *1 (Pa. Super. 2019) (unpublished opinion), this Court struck a default judgment *sua sponte* even though the defendant did not ask that it be stricken by the trial court or on appeal.

written notice of intention filed with the praecipe was mailed or delivered . . . after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2)(ii). Furthermore, this notice must "substantially" comply with the language set forth in Rule 237.5, which provides in relevant part: "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Pa.R.C.P. 237.5

Here, the notice of default provided in relevant part, "You are in default because you have failed [to] take action required of you in this case." (capitalization omitted). When interpreting Rule 237.5, this Court found a notice containing this broad language to be defective because it did not specify the reason why the defendants were in default. **Oswald**, **supra**; **AmeriChoice Fed. Credit Union v. Ross**, 135 A.3d 1018 (Pa. Super. 2015).

In **Oswald**, this Court found persuasive the Commonwealth Court's analysis and conclusion that the amendments to Rule 237.5 "impose[d] an additional notice requirement on a [plaintiff] who wishes to obtain a judgment by default[;] . . . the [plaintiff] must now include in the [ten-day] notice specific reasons why the defendant is in default." **Oswald**, 80 A.3d at 795-96 (citing **City of Philadelphia v. David J. Lane Advertising**, 33 A.3d 675, 679 (Pa. Commwlth. 2011)). Because the ten-day notice of default in **Oswald** only generally indicated that the defendant failed to take action required of it,

we found that the notice lacked the required language and constituted a fatal defect on the record. *Id.* at 796. We further observed:

> It is well established that a record which reflects a failure to comply with Pa.R.C.P. 237.1 is facially defective and cannot support a default judgment. Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio*.

*Id.* at 796-97 (citations omitted). Consequently, this Court struck the default judgment. *Id.* at 797.

Based upon the rules and this precedent, we similarly find that the ten-day notice in this case was defective on its face because it did not use the required language set forth in Rule 237.5. On its face, the notice violated Rule 237.1. As such, the prothonotary was not authorized to enter the default judgment, and the judgment against PPA was void *ab initio*. We, therefore, grant PPA's request to strike the default judgment entered against it. In light of this action, we need not address PPA's remaining issue.

Default judgment stricken. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/22/2021</u>