J-S63017-15

2015 PA Super 254

| | | |
|---|---|---|
| AMERICHOICE FEDERAL CREDIT UNION, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ROSS AND SANDRA D. DIXON-ROSS, | : | |
| | : | |
| Appellants | : | No. 1224 EDA 2015 |

Appeal from the Order entered April 16, 2015,
Court of Common Pleas, Montgomery County,
Civil Division at No. 2012-CV-12383

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

OPINION BY DONOHUE, J.:                    **FILED DECEMBER 07, 2015**

Raymond Ross and Sandra D. Dixon-Ross (together, "Homeowners") appeal pro se from the April 16, 2015 order entered by the Montgomery County Court of Common Pleas denying their motion to strike the default judgment entered in this matter on June 4, 2013. Because we conclude that the notice provided by AmeriChoice Federal Credit Union ("AmeriChoice") of its intention to obtain default judgment was defective on its face, we reverse the trial court's order and remand the case for further proceedings.

The record reflects the following pertinent procedural history relevant to the resolution of this appeal. On May 9, 2012, AmeriChoice filed a complaint in mortgage foreclosure against Homeowners. On June 20, 2012, Homeowners, proceeding pro se, filed preliminary objections to the

complaint.   AmeriChoice filed preliminary objections to Homeowners' preliminary objections on July 6, 2012.   Following oral argument, the trial court on May 1, 2013 entered an order sustaining AmeriChoice's preliminary objections, denying Homeowners' preliminary objections, and requiring Homeowners to file an answer to AmeriChoice's complaint within twenty days.

On May 9, 2013, Homeowners filed a motion requesting that the trial court judge recuse from the matter, vacate all orders entered by him in the matter, and stay the proceedings.   On May 20, 2013, Homeowners filed notice of removal of the case to the Federal District Court for the Eastern District of Pennsylvania.   By order authored on May 23, 2013 and entered in the trial court's docket on May 29, 2013, the federal court dismissed the case for lack of jurisdiction and remanded it to the trial court for further proceedings.

On May 23, 2013, AmeriChoice sent Homeowners written notice of its intention to file a praecipe for default judgment ("the Notice").   The Notice stated:

> **IMPORTANT NOTICE**
> **YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A**

**LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

**MONTGOMERY COUNTY LAWYER REFERRAL SERVICE
100 West Airy Street (Rear)
Norristown, PA 19404
(610) 279-9660 ext. 201**

AmeriChoice's Praecipe for Default Judgment, 6/4/13, at 2 (emphasis in the original). Along with the Notice, AmeriChoice included the trial court's May 1, 2013 order requiring Homeowners to file a responsive pleading to AmeriChoice's complaint and the federal district court's order dismissing Homeowners' motion to remove the foreclosure action. On June 4, 2013, AmeriChoice filed a praecipe for the entry of default judgment against Homeowners for $113,998.57 plus interest, counsel fees and costs, which the prothonotary entered.

On June 6, 2013 and June 29, 2014, Homeowners filed petitions to strike the June 4, 2013 judgment.[1] The record does not reflect that the trial court took any action on either of these petitions. On July 6, 2014, Homeowners filed a praecipe for the entry of an adverse order to permit them to appeal that determination, but the lower court did not enter the requested order denying their motions to strike. On July 21, 2014, Homeowners filed in this Court a request for permission to appeal from an

---

[1] The record reflects numerous, unrelated filings occurred in the interim.

interlocutory order pursuant to Pa.R.A.P. 1311, which this Court denied on August 26, 2014 because of Homeowners' procedural misstep.[2]

On September 14, 2014, Homeowners filed a third motion to strike the default judgment. On September 22, 2014, the trial court issued an order setting the motion for argument, but subsequently vacated that order on September 25, 2014 without further explanation. On September 28, 2014, Homeowners filed a motion seeking "expedited consideration and resolution" of their motion to strike the default judgment. The trial court entered an order on October 3, 2014 stating that because Homeowners filed a suggestion of bankruptcy on September 17, 2014, the court would not rule upon any motions until the bankruptcy stay was lifted.

Thereafter, Homeowners continuously requested resolution of their previously filed motions to strike the default judgment in various forms. The record further reflects that Homeowners concomitantly repeatedly sought protection in bankruptcy court. On April 9, 2015, following confirmation of the dismissal of Homeowners' bankruptcy filings, Homeowners filed the petition to strike the default judgment that is at issue in this appeal, asserting that the language of the Notice was not compliant with Rule 237.5 of the Pennsylvania Rules of Civil Procedure, as previously held by both this

---

[2] Specifically, Homeowners failed to "seek certification pursuant to 42 Pa.C.S. § 702(b), i.e., that the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.'" Order, 8/26/14.

Court and the Commonwealth Court. The trial court entered an order denying Homeowners' petition on April 16, 2015.

Homeowners filed a timely notice of appeal. On July 6, 2013, AmeriChoice filed a motion to quash the appeal, arguing that: (1) this is an untimely appeal of Homeowners' June 6, 2013 petition to strike the judgment; (2) this appeal constituted "an improper collateral attack" on this Court's resolution of Homeowner's prior appeal taken in this matter; (3) this appeal is barred by the doctrine of res judicata; and (4) Homeowners' docketing statement fails to comply with Pa.R.A.P. 3517. On August 19, 2015, this Court denied AmeriChoice's motion without prejudice to re-raise the claims before the merits panel.

In its responsive brief filed on appeal, AmeriChoice again raises most of the arguments contained in its motion to quash and thus, prior to addressing the merits of the appeal, we must first determine whether the appeal should be quashed. First, AmeriChoice contends that because Homeowners' brief filed on appeal fails to strictly comply with the Rules of Appellate Procedure, we should suppress their brief and quash the appeal. AmeriChoice's Brief at 9-20. Our review of Homeowners' appellate brief reveals that it does fail to conform to several Rules of Appellate Procedure, most notably Rule 2116(a) and Rule 2119(a). As we have previously stated, we need only quash an appeal based upon a defective appellate brief if such defects "impair our ability to conduct appellate review." ***PHH Mortgage***

*Corp. v. Powell*, 100 A.3d 611, 614 (Pa. Super. 2014). Because of the manner by which we decide this case, our review of the case is not impeded by the defects in Homeowners' brief, and we therefore decline to quash the appeal on that basis.

AmeriChoice further asserts that this appeal constitutes a "collateral attack" on this Court's prior decision "denying [Homeowners'] previous challenge to a petition to strike the default judgment, docketed at 90 EDM 2014." AmeriChoice's Brief at 22. This is a frivolous argument. There was no "final judgment on the merits" entered by this Court as AmeriChoice claims; rather, in the appeal docketed at 90 EDM 2014, this Court only denied Homeowners' **request** to appeal from an interlocutory order based upon their failure to "seek certification pursuant to 42 Pa.C.S. § 702(b)." Order, 8/26/14.

AmeriChoice next claims that Homeowners "are also barred by the principle of res judicata because they have had three prior petitions to strike the judgment[] where they have failed to prevail on the merits[, and f]inal judgment was entered on the record on June 04, 2013." AmeriChoice's Brief at 22 (italicization omitted). In order for a subsequent action to be wholly barred by the doctrine of res judicata, it must share the following four elements with the earlier judgment: (1) the same thing is being sued upon; (2) in the same cause of action; (3) involving the same persons or parties; and (4) in the same quality or capacity as the parties previously sued.

- 6 -

*Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). The "thing being sued upon" here is the motion to strike the default judgment entered in this matter. As stated above, prior to April 16, 2015, the lower court never finally resolved any of Homeowners' petitions to strike the default judgment, and this Court did not decide the merits of the appeal brought. As such, the doctrine of res judicata is inapplicable.

Lastly, AmeriChoice argues that Homeowners' docketing statement failed to comply with Rule 3517 of the Pennsylvania Rules of Appellate Procedure, as they "rais[ed] a plethora of issues in a vague and unclear format," and they raise issues in their brief on appeal that were not contained in the docketing statement. AmeriChoice's Brief at 23. Rule 3517 provides:

> Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa.R.A.P. 3517. Homeowners filed the required docketing statement in this Court and raised therein the issue that, as discussed infra, we conclude is determinative. *See* Docketing Statement, 5/19/15, at 3-4. We therefore decline to quash the appeal on this basis as well.

We now turn to address the merits of the appeal. On appeal, Homeowners present thirteen issues for our review. We conclude, however, that the case is ably resolved by addressing only one: "Whether the form and content of Ameri[C]hoice's [eighty-six]-word [] Notice is non-compliant pursuant to Pa.R.C.P. 237.1 and Pa.R.C.P. 237.5[.]" Homeowners' Brief at 5.[3]

In reviewing this question, we are guided by the following:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is de novo and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a

---

[3] AmeriChoice contends that Homeowners waived many of the issues raised based upon Homeowners' failure to raise them before the trial court in their July 9, 2015 petition to strike the default judgment. *See* AmeriChoice's Brief at 14, 25-26, 28. AmeriChoice acknowledges, however, that Homeowners raised below and preserved for appeal the issue upon which we decide this case. *Id.* at 20, 26, 28-29.

default judgment, a court may only look at what was in the record when the judgment was entered.

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (internal citations, quotation marks, brackets, and italicization omitted).

Of relevance to this appeal, Rule 237.1(a)(2) prohibits the trial court prothonotary from entering default judgment against a party "unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered … after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any."  Pa.R.C.P. 237.1(a)(2)(ii).  Rule 237.5 requires the 237.1(a)(2) notice to "substantially" comply with the following format:

**(CAPTION)**

To: _____
(Defendant)

Date of Notice: _____

**IMPORTANT NOTICE**
YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)
_____
(Address of Office)
_____
(Telephone Number)


_____
(Signature of Plaintiff or Attorney)
_____
(Address)


Pa.R.C.P. 237.5.

Homeowners assert that AmeriChoice's Notice failed to substantially comply with Rule 237.5, thus depriving the trial court's prothonotary of the authority to enter default judgment pursuant to Rule 237.1. Homeowners' Brief at 17-21. In support of their argument, Homeowners rely upon *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790 (Pa. Super. 2013), and *City of Philadelphia v. David J. Lane Adver., Inc.*, 33 A.3d 674, 679 (Pa. Commw. 2011). Homeowners' Brief at 19-20.

In ***Oswald***, the plaintiff initiated an action against the defendant by filing a complaint with proper service. After the defendant failed to respond to the complaint, the plaintiff sent the defendant notice of her intention to file a praecipe for default judgment. The default judgment notice provided in ***Oswald*** stated, in relevant part, "You are in default **because you have failed to take action required of you in this case**." ***Id.*** at 796 (emphasis added). The ***Oswald*** Court found that this language was "deficient," as the notice failed to state "**specific** reasons **why** the defendant is in default." ***Id.*** at 796 (quoting ***David J. Lane Adver., Inc.***, 33 A.3d at 679) (emphasis in the original). The Court concluded that failing to include specific reasons for the defendant's default in the notice of default judgment renders the notice "defective on its face," as the document is "not 'substantially' in the form required by Rule 237.5." ***Id.*** In so holding, the ***Oswald*** Court adopted the reasoning of the Commonwealth Court in ***David J. Lane Advertising***, wherein it explained:

> The general "failed to take action required of you in this case" language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form – "failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory

comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. [] 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments."

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant **specifically** what it failed to do (i.e., why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of **why** the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in many cases unrepresented at that point, of the defendant's specific pleading obligations.

*Id.* at 678–79 (internal citations omitted; emphasis in original).

The Commonwealth Court examined the above legislative and judicial history in the context of its holding in ***Township of Chester v. Steuber,*** [] 456 A.2d 669 ([Pa. Commw.] 1983) and subsequent amendments to Rule 237.5. ***Id.*** at 678–80. Ultimately, the Commonwealth Court concluded that

- 12 -

> the amendments to Rule 237.5 "impose an **additional** notice requirement on a [AmeriChoice] who wishes to obtain a judgment by default ... the [AmeriChoice] must now include in the [Ten]–Day Notice **specific** reasons **why** the defendant is in default." ***David J. Lane Advertising***, 33 A.3d at 679 (emphasis in original).

*Oswald*, 80 A.3d at 795-96 (footnote omitted, emphasis in the original).

The Notice provided by AmeriChoice to Homeowners in the case at bar stated, in relevant part, "You are in default **because you have failed to take action required of you in this case**." AmeriChoice's Praecipe for Default Judgment, 6/4/13, at 2 (emphasis added). This is identical to the language contained in the deficient notice of default judgment provided in *Oswald*. *See Oswald*, 80 A.3d at 796. The record further reflects that AmeriChoice mailed, together with the Notice, the trial court's May 1, 2013 order requiring Homeowners to file a responsive pleading to AmeriChoice's complaint and the federal district court's May 23, 2013 order dismissing Homeowners' motion to remove the underlying foreclosure action. The default judgment notice, however, did not reference the trial court's order in any manner or explain why AmeriChoice also included the federal district court's order. There were simply three separate documents included in a single envelope.

We disagree with AmeriChoice that the mere inclusion of two court orders in the mailing that contained the Notice differentiates this case from the circumstances of *Oswald*. *See* AmeriChoice's Brief at 32-33. Rule

237.5 provides the information that must be contained in the default judgment notice itself.  **See** Pa.R.C.P. 237.5.  On the face of the Notice in the case at bar, there is no explanation or reference to the basis for entering default judgment against Homeowners.  There had been numerous filings in several different courts over the life of this case,[4] making the need for specificity in the default judgment notice all the more necessary.  Furthermore, Homeowners are proceeding pro se in this matter, and thus, "a more specific notice of **why** [Homeowners were] in default that tracks the earlier [order]" would have served as "a reminder" of Homeowners' "specific pleading obligations."[5]  **Oswald**, 80 A.3d at 796 (quoting **David J. Lane Adver., Inc.**, 33 A.3d at 679) (emphasis in the original).

The law is clear that generally, default judgments are disfavored. **Attix v. Lehman**, 925 A.2d 864, 866 (Pa. Super. 2007) (citation omitted).

---

[4]  The record reflects that Homeowners effectuated filings in Bankruptcy Court, the United States District Court for the Eastern District of Pennsylvania, this Court and the Pennsylvania Supreme Court.  **See** Docket Entries at 1-3; **see also** N.T., 4/15/15, at 21-23; AmeriChoice's Exhibits P1-P16.

[5]  AmeriChoice contends that "providing [Homeowners] with a default notice that followed the exact language of Pa.R.C.P. 237.5 would have been misleading" because Mr. Ross had already entered his appearance on behalf of Homeowners and they had previously filed preliminary objections in the matter.  AmeriChoice's Brief at 33.  We agree with this conclusion, and remind AmeriChoice that the law requires a party seeking default judgment to provide notice "substantially" in the form appearing in Rule 237.5, but which also states with specificity the precise reason the party risks the entry of default judgment against them.  **See** Pa.R.C.P. 237.5; **Oswald**, 80 A.3d at 796.

AmeriChoice failed to provide any indication on the face of the Notice of precisely why default judgment would be entered against Homeowners. This constitutes a failure to comply with the format contained in Pa.R.C.P. 237.5, and thus constitutes a violation of Pa.R.C.P. 237.1(a)(2). The inclusion of two additional orders, without reference thereto in the default judgment notice, does not cure this defect. "It is well[]established that a record which reflects a failure to comply with Pa.R.C.P. 237.1 is facially defective and cannot support a default judgment." **Oswald**, 80 A.3d at 796 (citation omitted). "Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void ab initio." **Id.** at 797 (citation and italicization omitted). A default judgment that is void ab initio "must be stricken without regard to the passage of time." **Id.** We therefore reverse the trial court's order denying Homeowners' petition to strike the default judgment entered in this matter and remand the case for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Musmanno, J. joins the Opinion.

Mundy, J. files a Concurring and Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015