J-S71002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACEY A. HALL JONES AND | : | |
| HERMAN E. JONES | : | |
| | : | |
| | : | No. 548 EDA 2017 |
| Appellants | : | |

Appeal from the Order Entered January 5, 2017
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-00225

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J. **FILED MARCH 06, 2018**

Appellants, Tracey A. Hall Jones and Herman E. Jones, appeal from the order entered in the Bucks County Court of Common Pleas. The order denied Appellants' petition to strike the default judgment entered against them in a mortgage foreclosure case. We affirm.

The relevant facts and procedural history of this case are as follows. Appellee, Bank of America, N.A. ("BOA"), filed a complaint in mortgage foreclosure against Appellants on January 11, 2013. After Appellants failed to respond, BOA filed notice of its intent to take a default judgment against Appellants. That judgment was entered on May 9, 2013, with damages assessed against Appellants for $374,827.09. The docket indicates that both the complaint and the default judgment were personally served to Appellants, who accepted the documents.

_____
* Retired Senior Judge assigned to the Superior Court.

Appellants did not take any action until over three years later, on September 6, 2016. On that date, counsel for Appellants entered his appearance, and filed a petition to strike the default judgment. In their petition, Appellants maintained that BOA's notice of intent to take default judgment failed to substantially comply with the form of notice prescribed by Pa.R.C.P. 237.5. The court denied Appellants' petition to strike. Appellants filed a timely notice of appeal.[1] This case is now properly before us. **See** Pa.R.A.P. 311(a)(1).

On appeal, Appellants claim BOA failed to comply with Rule 237.5. This claim concerns the applicability of a Pennsylvania Rule of Civil Procedure, which raises a question of law. **See Oswald v. WB Public Square Associates, LLC**, 80 A.3d 790, 793 (Pa. Super. 2013). Consequently, "our standard of review is *de novo*, and our scope of review is plenary." **Id**. (citation omitted).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a

---

[1] Despite the trial court's assertion that Appellants' appeal is untimely, the record reveals the order denying their petition was entered on January 5, 2017. The thirtieth day fell on Saturday, February 4, 2017. Appellants filed their notice of appeal on Monday, February 6, 2017. Thus, they timely filed their appeal. **See** Pa.R.A.P. 107 and 903; 1 Pa.C.S.A. § 1908.

prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***AmeriChoice Federal Credit Union v. Ross***, 135 A.3d 1018, 1023 (Pa. Super. 2015) (citation omitted).

Rule 237.1 of the Pennsylvania Rules of Civil Procedure addresses the notice of intent a party is required to give when taking a default judgment. And Rule 237.5 gives additional instruction on what form the notice must take. Specifically, the notice, in pertinent part, must be "substantially in the following form:"

## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)

Pa.R.C.P. 237.5.

Panels of this Court have previously identified forms of notice that do not meet the requirements of Rules 237.1 and 237.5. Specifically, this Court has taken issue with forms of notice that fail to describe what the party in default has failed to do. In **Oswald**, the first line of the notice merely stated, "You are in default because you have failed to take action required of you in this case." 80 A.3d at 796. The panel found this was not substantially similar to the first line of the form notice in Rule 237.5, because it did not include specific notice of *why* the party was in default. **See id**. The panel held this constituted a fatal defect on the face of the record, and reversed the trial court's order denying the appellant's petition to strike. **See id**. at 797.

The Court in **AmeriChoice** also reversed the trial court's order denying the appellants' petition to strike default judgment. **See** 135 A.3d at 1026. The Court found the same vague language used by the notice in **Oswald** constituted grounds for reversal. **See id**.

Conversely, in **Green Acres Rehabilitation and Nursing Center v. Sullivan**, the notice provided reasons for the default: "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." 113 A.3d 1261, 1265 (Pa. Super. 2015). The notice there did not track the exact language in Rule 237.5; specifically, the notice left out the line stating, "If you cannot afford to hire a lawyer, this office

may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee." ***Id***. The notice did recommended that the recipient of the default notice contact the Philadelphia Bar Association, and included the Association's address and telephone number. ***See id***. The panel in ***Sullivan*** held this notice substantially complied with the requirements, and that the appellant failed to demonstrate a fatal defect on the fact of the record. ***See id***., at 1273.

Instantly, the notice in this case stated:

<u>**IMPORTANT NOTICE**</u>

You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth again[st] you. Unless you act within ten (10) days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or other important rights. You should take this notice to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the following office to find out where you can get legal help.

NOTICE TO DEFEND & LAWYER REFERRAL SERVICE

Bucks County Bar Association
135 E. State Street
P.O. Box 300
Doylestown, PA 18901
Phone (800) 991-9922, Ext. 108

BOA's Praecipe for Entry of Judgment by Default, filed 5/9/13.

Appellants argue that BOA's notice is outdated, and fails to substantially comply with Rule 237.5 because it omits the line in the recommended form stating, "If you cannot afford to hire a lawyer, this office may be able to

provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee." Appellants ask us to ignore the substantial similarities standard in favor of one requiring precise compliance with the language of Rule 237.5. Appellants argue that BOA could have used the exact language in Rule 237.5, did not do so, and should thus be penalized. Appellants cite only a single case from a county court to support this rigid proposition. Appellants conclude we must reverse the order denying their petition to strike default judgment. We disagree.

Notice of a party's intent to enter a default judgment must be in "substantially" the same form dictated by Rule 237.5. Pa.R.C.P. 237.5. "Under the doctrine of substantial compliance, the trial court may overlook any procedural defect that does not prejudice a party's rights." **Sullivan**, 113 A.3d at 1272.

The text of the notice given to the appellants in **Sullivan** was indistinguishable from the notice given in this case, save for the listing of the Bucks County Bar Association rather than the Philadelphia Bar Association. The **Sullivan** panel found the notice to be "virtually identical to the language set forth in current Rule 237.5." **Id**., at 1273.

The notice given to Appellants in this case is also virtually identical to that demanded by Rule 237.5. Appellants do not claim the notice contained any of the objectionable defects that required reversal in **Oswald** and **AmeriChoice**. Nevertheless, Appellants contend that the omitted language here deprived them of information on low-cost legal services. To the contrary,

Appellants' decision not to contact the Bucks County Bar Association listed deprived them of this information. We find Appellants are not entitled to relief. Accordingly, we affirm the order denying their petition to strike the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/18