J-A04008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SKANSKA USA BUILDING, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIVERSAL CONCRETE PRODUCTS | : | |
| CORP. | : | |
| | : | No. 1820 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered May 20, 2019
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 16-20521

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                March 25, 2020

Universal Concrete Products Corporation ("Universal") appeals from the order denying its third appeal concerning a default judgment entered against it.[1] This appeal challenges the trial court's denial of Universal's fourth petition, its second petition seeking to strike the default judgment as void *ab initio.* Appellee, Skanska USA Building, Inc. ("Skanska") maintains that Universal's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Universal claims jurisdiction arises pursuant to Pennsylvania Rule of Appellate Procedure 341 (final orders). This Court has jurisdiction pursuant to Pa.R.A.P. 311(a)(1) (allowing an appeal as of right from "[a]n order refusing to open, vacate, or strike off a judgment"); *see also Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 332 (Pa. Super. 2004) (*en banc*).

challenge to the judgment is barred by the doctrine of *res judicata*, waiver, and the law of the case.[2] On independent review, we agree. Moreover, Universal's issues would not merit relief. Accordingly, we affirm.

On August 22, 2016, Skanska filed a complaint alleging Universal had breached its contractual duties by failing to remedy deficient craftsmanship at a hospital. Skanska alleged that after Universal refused to remedy the deficiencies, Skanska had to hire another subcontractor to fix them.

It is undisputed that Universal did not file an answer to the complaint. Accordingly, on October 25, 2016, Skanska filed a praecipe to enter default judgment in the amount of $354,373.13.

Three days later, Universal filed a petition to open the default judgment. Universal alleged that the petition was promptly filed and contained a meritorious defense. The trial court denied the petition on December 15, 2016.

While its motion for reconsideration was pending, Universal filed two more petitions within several hours of each other.

First, it filed a petition to strike the default judgment, asserting that Skanska had not properly served the notice of intent to take default judgment. The petition to strike also asserted that Universal had failed to join an indispensable party, the owner of the hospital.

---

[2] On October 3, 2019, this Court, *per curiam*, denied Skanska's motion to dismiss without prejudice to its raising the issue with this panel.

Universal also filed another petition to open the default judgment. In the new petition to open, Universal asserted that it never received Skanska's notice of intent to enter a default judgment. Instead, while it was awaiting a response from its insurance carrier on Skanska's claims, the first notice it received was that of Skanska's entry of default judgment.

However, on that same day, Universal also filed a notice of appeal to this Court. We affirmed. *See Skanska USA Bldg. Inc. v. Universal Concrete Products Corp.*, 384 EDA 2017 (Pa. Super. filed February 20, 2018) (unpublished memorandum), *reargument denied* April 18, 2018, *appeal denied*, 195 A.3d 565 (Pa. 2018). The panel noted that the two petitions filed on the same day as the notice of appeal were "legal nullities." *Id*., at *6 n.2.

After the Supreme Court of Pennsylvania refused allowance of appeal, Universal filed a praecipe in the trial court for argument on the second petition to open default judgment. The trial court denied the second petition to open without argument on November 7, 2018.

Universal filed a second appeal shortly thereafter. In its concise statement, Universal identified the two issues it wished to raise on appeal:

1. Whether the Prothonotary exceeded its authority in entering judgment including assessment of unliquidated damages without a hearing where the Complaint did not establish an amount of damages in a sum certain or that could be made certain by calculation?

2. Whether the judgment is void *ab initio* since the Prothonotary exceeded its authority in entering judgment including assessment of unliquidated damages without a hearing.

Statement of Matters Complained of on Appeal, 1/4/19.

This Court responded by issuing a rule to show cause. We directed Universal to show why the appeal was not controlled by the outcome of the previous appeal. Universal filed a one-sentence response indicating that it did not oppose the dismissal of the appeal, "recognizing that this Court previously affirmed an order denying the Petition to Open, thereby addressing and resolving the issues raised in the present matter." Answer, 1/31/19. This Court therefore issued an order dismissing the second appeal, noting that the issues in the appeal were either waived or controlled by the law of the case. **See** Order, 3705 EDA 2018, 2/4/19.

A little over a month later, Universal filed a second petition to strike the default judgment. In this petition, Universal presented two bases for its contention that the default judgment was void *ab initio*. First, Universal claimed that it was not entered against a proper legal entity. Specifically, Universal contended that the judgment was entered against "Universal Concrete Products Corp." and not "Universal Concrete Products Corporation, Inc."

Second, it asserted that the Prothonotary exceeded its authority by entering judgment for a specific sum, which included attorneys' fees and costs. Universal argues the Prothonotary did not have the power to define damages in the absence of a sum certain in Skanska's complaint.

The trial court denied the second petition to strike on May 20, 2019. In its order, the court reasoned that Universal had waived the arguments in the second petition to strike when it did not contest the dismissal of its appeal from the denial of its first petition to strike. This timely appeal followed.

On appeal, Universal first argues that the trial court erred in finding the issues in the second petition to strike waived. Universal correctly notes that a "void judgment may be attacked at any time." *Graham v. Kutler*, 418 A.2d 676, 677 (Pa. Super. 1980). As a result, normal waiver rules do not apply to claims that a judgment is void *ab initio*. *See Mother's*, 861 A.2d at 337 (recognizing that the Superior Court has allowed litigants to attack void judgments without first preserving the issue in the trial court); *see also Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 34-35 (Pa. Super. 2015) (void judgment stricken twenty-four years after entry).

However, even if we conclude the court's reasoning was improper, we may affirm if any proper basis exists for the court's ruling. *See The Brickman Group, Ltd. v. CGU, Inc.*, 865 A.2d 918, 928 (Pa. Super. 2004) ("We are not bound by the trial court's rationale, and may affirm on any basis"). We therefore turn to Universal's assertions that the judgment is void.

First, Universal contends the judgment is void because the prothonotary was not authorized to assess damages when entering default judgment. While Universal argues this is a non-waivable challenge to an *ultra vires* action taken

by the prothonotary, *see* Appellant's Brief, at 20, we conclude Universal has mischaracterized its argument.

Universal's petition to strike the default judgment is a creature of common law. *See AmeriChoice Federal Credit Union v. Ross*, 135 A.3d 1018, 1023 (Pa. Super. 2015). Such petitions may only be granted for a fatal defect or irregularity apparent from the face of the record. *See id*. As such, to be successful, the petitioner must establish the existence of defects that affect the validity of the judgment. *See id*. Further, in deciding the petition, the court is limited to the content of the record at the time the judgment was entered. *See id*. The petition does not, however, provide the petitioner with the opportunity to review the merits of the allegations supporting the judgment. *See id*.

Lack of jurisdiction is a defect sufficient to justify granting a petition to strike. *See Northern Forests*, 130 A.3d 19, 28 (Pa. Super. 2015). Further, a prothonotary is not authorized to assess damages when entering a default judgment in the absence of a well-pleaded sum certain or facts capable of providing damages pursuant to simple calculation. *See* Pa.R.Civ.P. 1037(b)(1).

However, both this Court and the Commonwealth Court have held that the issue of the prothonotary's power to assess damages under Rule 1037(b)(1) is distinct from the issue of the prothonotary's jurisdiction to enter default judgment. *See Maiorana v. Farmers & Merchants Bank*, 466 A.2d

188, 191 (Pa. Super. 1983); *Reaves v. Knauer*, 979 A.2d 404, 412 (Pa. Cmwlth. 2009). As a result, Universal's first alleged basis for striking the judgment is not an actual challenge to the validity of the default judgment. This allegation was therefore not a sufficient basis for striking the judgment.

Next, Universal argues the judgment is void based on its assertion that Skanska improperly named Universal in the complaint. Universal's argument on this point consists of three sentences:

> The judgment was also not properly entered against Universal. [Skanska] sued and sought entry of judgment against the non-legal name of Universal. The judgment is irregular because it was not entered against a legal entity.

Appellant's Brief, at 22 (citations to reproduced record omitted).

Clearly, Universal's brief fails to develop this argument in a meaningful manner and violates multiple requirements of the Rules of Appellate Procedure. This argument is not divided into a separate part from its contention that the prothonotary acted without authority in assessing damages. *See* Pa.R.A.P. 2119(a). Further, this specific argument contains no citation to applicable authorities. *See* Pa.R.A.P. 2119(b). As noted, the argument on this issue consists of three sentences.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore,

"[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).

We conclude Universal has waived this issue by failing to properly develop it on appeal. In any event, we note that Universal has participated in this litigation, including two prior appeals, without raising this issue. Even if it had developed a cognizable argument, we would find it waived due to Universal's failure to raise it prior to this appeal. **See Grimm v. Grimm**, 149 A.3d 77, 83 (Pa. Super. 2016) ("personal jurisdiction is readily waivable").

As we conclude Universal did not present any valid grounds for striking the default judgment, we affirm.

Order affirmed.

Judge Colins joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/20