Township of Chester, Appellant *v.* Sandra Steuber and Philip Steuber, Appellees.

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Joseph Goldberg,* with him *Robert R. Harris, Margolis, Edelstein & Scherlis,* and *Christopher F. Gorbey,* for appellant.

*Marc S. Weisberg,* for appellees.

OPINION BY JUDGE CRAIG, January 28, 1983:

The Township of Chester appeals an order of the Court of Common Pleas of Delaware County which denied the township's petition to open a default judgment ·in trespass.

The relevant facts leading to the default judgment are as follows:

On October 24, 1980, Mr. and Mrs. Philip Steuber filed their complaint in trespass against the township

for personal injuries that Mrs. Steuber had received as a result of a fall she sustained, allegedly caused by the township's negligent maintenance of certain property.[1]

On November 3, 1980, the Delaware County sheriff served the complaint upon a township employee at the township's administration building. That employee, in turn, forwarded the complaint to the township administrator.[2]

On December 31, 1980, after hearing nothing from the township, the Steubers served notice upon the township, by certified mail, that they intended to file a praecipe for a default judgment against the township after the expiration of the ten-day period required by Pa. R.C.P. No. 237.1.[3]

---

[1] Mrs. Steuber's accident occurred on March 21, 1978. Subsequently, on October 31, 1978, she suffered severe pain in her back while vacuuming carpets in her home, which she attributes to the accident.

[2] In its opinion, the common pleas court notes that the sheriff served the township by handing a copy of the complaint to the chief of police on November 3, 1980. However, the township's and the Steubers' briefs indicate that the sheriff served the complaint on a township employee who, in turn, brought it to the attention of the township administrator.

[3] Pa. R.C.P. No. 237.1 provides:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

....

The township again failed to respond, and on February 19, 1981, the Steubers praeciped the com-

---

(c) The notice required by subdivision (a) shall be *substantially* in the following form: [emphasis added]

....

IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

....

The township contends that the Steubers failed to comply with Pa. R.C.P. No. 237.1(c).

Counsel for the Steubers sent the following notice, by certified mail, to the Township of Chester:

January 5, 1981

Township of Chester
Municipal Building
[address omitted here]
Attn: Legal Department
Re: *Sandra and Philip Steuber v. Township of Chester*
To Whom It May Concern:

Please be advised that the Complaint in the above captioned matter was served upon the Township of Chester on November 3, 1980. To date no answer has been interposed.

This will advise that if an answer or other response of pleading is not interposed within ten days of the date of this letter, I will enter a default judgment against you.

[Attorney's Signature.]

This letter notified the township that it was in default and that the Steubers intended to seek a default judgment within ten days if they did not hear from the township. Furthermore, the letter was directed to the legal department. Therefore, we conclude that the letter "substantially" followed the form suggested under Pa. R.C.P. No. 237.1(c).

mon pleas court for a default judgment,[4] which the court granted on February 25, 1981.

On March 9, 1981, the township filed a petition to open the default judgment, which the common pleas court denied on February 17, 1982.

A petition to open a default judgment is addressed to the common pleas court's equitable powers and is a matter of judicial discretion. *Hersch v. Clapper*, 232 Pa. Superior Ct. 550, 335 A.2d 738 (1975). In a trespass action,[5] before a court may open a default judgment, it must find that: (1) the petition to open was promptly filed, and (2) the reason for the delay was reasonably explained or excused. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). *DiNenno v. Great Atlantic & Pacific Tea Co., Inc.*, 245 Pa. Superior Ct. 498, 369 A.2d 738 (1976).

The common pleas court concluded that the township met the timeliness requirement because its petition to open was filed twelve days after the default was taken. Therefore, we need only focus on the question of whether the township has reasonably explained or excused its failure to file a timely answer. *See DiNenno*.

In making this determination, we are guided by the principle that the common pleas court decision will not be overturned on appeal absent an error of law or

---

[4] On January 23, 1981, counsel for the Steubers filed a praecipe for a default judgment with the Office of Judicial Support of Delaware County. However, because of a defect in the pleadings, that office returned the pleadings to the attorney for correction. Subsequently, on February 19, 1981, the Steubers' counsel forwarded the corrected praecipe to that office.

[5] Although the trial court concluded that the township failed to present a meritorious defense, this requirement applies only in an assumpsit action; in a trespass action, a meritorious defense is demanded only when the other equities are not clear. *See Tice v. Nationwide Life Insurance Co.*, 253 Pa. Superior Ct. 118, 384 A.2d 1257 (1978).

a clear, manifest abuse of discretion. *Tice v. Nationwide Life Insurance Co.*, 253 Pa. Superior Ct. 118, 384 A.2d 1257.[6]

The township seeks to justify its failure to answer the complaint by explaining that the township had been without a solicitor for a period of eighteen months, from October 1979 to January 1981, as a result of political wrangling among the township's board of supervisors. The township analogizes the inertia of its officials[7] to the situation in *Campbell v. Heilman Homes, Inc.*, 233 Pa. Superior Ct. 366, 367, 335 A.2d 371, 373 (1975) (default judgment opened where employee inadvertently failed to relay complaint to the main office of his employer), to support its position that it is excused from the delay because the delay was "an unintentional omission to act."

---

[6] In considering an appellate court's scope of review in a case involving a petition to open a default judgment, our Superior Court said:

> "It is not enough that we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the defendant."

Campbell v. Heilman Homes, Inc., 233 Pa. Super. 366, 373, 335 A.2d 371, 374 (1975) (Dissenting Opinion by HOFFMAN, J., in which JACOBS and SPAETH, JJ., joined). *Tice* at 122, n. 4, 384 A.2d at 1259, n. 4 (1978).

[7] After the sheriff served the complaint on a township employee on November 3, 1980, that employee forwarded the complaint to the township administrator. The administrator, believing that the complaint involved a traffic accident, forwarded the complaint to the police chief. The police chief investigated the allegations of the complaint and, finding nothing, returned the complaint to the township administrator, who then did nothing.

The police chief testified that, after receiving the notice of a potential default in January, 1981, he failed to act because he felt the problem was that of the township administrator. The administrator simply reported the matter to the township's Board of Supervisors.

Furthermore, the township contends that it was not responsible for any subsequent delay once the newly appointed solicitor began his duties on January 5, 1980, citing *Maruccio v. Houdaille Industries, Inc.*, 254 Pa. Superior Ct. 560, 386 A.2d 91 (1978) (school district's failure to answer complaint was reasonably excused by its belief that it was properly being represented by its solicitor). Moreover, the township also asserts that the six-week delay after January 5, 1980 was excusable because the solicitor, who had inherited a backlog of work, immediately forwarded the pleadings to the township's insurance carrier once he uncovered the complaint and notice to praecipe in late January, 1980.

The delay, however, considered in its entirety, was not the result of a clerical error by a supporting staff member, *see Campbell.* Nor was it merely an oversight, mistake or neglect of counsel. *See, e.g., Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970); *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (1966); *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa. Superior Ct. 441, 368 A.2d 802 (1976); *Alexander v. Jesray Construction Co.*, 237 Pa. Superior Ct. 99, 346 A.2d 566 (1977).

Rather, in appraising the township's responsibility in this delay, we find *Bethlehem Apparatus Co., Inc. v. H. N. Crowder, Jr. Co.*, 242 Pa. Superior Ct. 451, 364 A.2d 358 (1976) controlling. There, our Superior Court held that an appellant failed to justify his failure to answer where:

[T]he appellant has failed to show that it acted in a manner which would reasonably result in the protection of its legal interests.

*Id.* at 456, 364 A.2d at 360.

Certainly the township's failure to hire legal counsel for eighteen months, the failure of its top of-

ficials to take necessary action, and the subsequent failure of the newly appointed township solicitor to respond to the Steubers' notice of their intention to seek a default judgment,[8] indicate that the township did not reasonably protect its legal interests.

Therefore, we cannot say that the trial court abused its discretion in denying the township's petition to open the default judgment. Accordingly, the decision of the common pleas court is affirmed.

ORDER

Now, January 28, 1983, the order of the Court of Common Pleas of Delaware County, Civil Action, Law, at No. 80-15675, in trespass, dated February 17, 1982, is hereby affirmed.

---

[8] "[M]istake or inadvertence of counsel (without more), *see Westinghouse Credit Corp. v. Wenzel*, 223 Pa. Superior Ct. 87, 289 A.2d 759 (1972), or demands on the time of counsel, *see Goldstein v. Graduate Hospital*, 441 Pa. 179, 272 A.2d 472 (1971) [citations omitted] are not patently reasonable excuses and failure to open based upon these explanations is not an abuse of discretion." *St. Vladimir Ukrainian Orthodox Church v. Preferred Risk Mutual Ins. Co.*, 239 Pa. Superior Ct. 492, 502, 362 A.2d 1052, 1058 (1976).