J-A26036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEITH ARJOON AND K.G.C. COMPANY LIMITED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO VILCHES AND ROBERTO'S MACHINE SHOP | : | No. 339 EDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered December 3, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180603246

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  JANUARY 29, 2021**

Defendants/Appellants, Roberto Vilches and Roberto's Machine Shop appeal from the default judgment entered in favor of Plaintiffs/Appellees, Keith Arjoon and K.G.C. Company Limited, by the Court of Common Pleas of Philadelphia County, which assessed breach of contract damages incurred by Plaintiffs/Appellees to be in the amount of $45,000.  After careful review, we are constrained to vacate judgment and remand for further proceedings.

The relevant facts and procedural history are taken from both Appellees' October 22, 2018 Complaint and the Notes of Testimony from the December 3, 2019, Assessment of Damages Hearing.  Specifically, the present matter relates to a sales contract entered into by the parties in June, 2014.  Appellee

_____

[*] Former Justice specially assigned to the Superior Court.

Keith Arjoon and his son flew from their home country of Trinidad and Tobago to Philadelphia for the purpose of purchasing a 1985 Mazda RX-7 racecar owned by Appellants. The parties agreed to a purchase price of $50,000, and Mr. Arjoon placed a cash down payment on the vehicle.[1] The agreement further provided that Appellants, for an additional fee to be paid by Appellees, were to dismantle the vehicle and place its parts in two 20 foot-long containers that would then be exported to Trinidad, where Mr. Vilches' associate would reassemble the racecar.

On June 27, 2014, Mr. Arjoon executed a wire transfer from a Trinidad bank to Mr. Vilches in the amount of $40,000, which he claimed represented the remainder of the purchase price. Despite acceptance and retention of the payment, Mr. Vilches remained in possession of the racecar.

On June 26, 2018, Mr. Arjoon filed a Writ of Summons and served it upon Appellants at their North Philadelphia place of business. The Writ bore a court-generated arbitration date. Subsequently, on October 22, 2018, Mr. Arjoon filed a Complaint raising claims of breach of contract and unjust enrichment. The Complaint was served by United States mail on October 23, 2018, pursuant to Pa.R.C.P. 440(a)(2(i), as it was not in original process.

---

[1] The amount of the down payment was disputed at the Assessment of Damages Hearing, with Mr. Arjoon claiming to have paid $10,000 cash and Mr. Vilches claiming to have received only $5,000. Mr. Arjoon testified that Mr. Vilches handed him a receipt for the payment but that he lost it at some point in the years that have since passed.

On December 10, 2018, Appellees filed a Praecipe to Enter Default Judgment against Appellants, after Appellants failed to file a responsive pleading to the Complaint. On March 27, 2019, Appellees mailed the court-filed copy of the Praecipe to Appellants.

On April 2, 2019, Appellants filed a Motion to Strike Default Judgment. Two days later, however, the arbitration of the present matter was resolved in favor of Appellees Mr. Arjoon and his company in the amount of $40,000.00. Appellants appealed the arbitration decision. On May 1, 2019, the Honorable Edward Wright entered an order finding the arbitration award had rendered moot Appellants' Motion to Strike Default Judgment. Appellant filed a second such motion, which, by order of Judge Wright, was also found moot.

On December 3, 2019, the Honorable D. Webster Keough presided over the Assessment of Damages Hearing, at which the court considered the testimonies of both the parties and several other witnesses who were present at the Philadelphia meeting between Messers Arjoon and Vilches. The testimonies comprised assertions of fact and legal argumentation pertaining to both liability and damages.

At the conclusion of the hearing, the court made findings of fact that the parties had entered into a binding contract, Mr. Arjoon had performed on the contract by paying Mr. Vilches $45,000.00, and Mr. Vilches had retained both the payment and possession of the vehicle while otherwise frustrating the completion of the contract. Accordingly, the court found Mr. Arjoon had borne

his burden of proof and entered judgment in favor of Plaintiffs/Appellees in the amount of $45,000.00.

After the denial of their post-trial motions, Appellants filed the present appeal and complied with the lower court's order to file a timely Pa.R.A.P. 1925(b) statement. In the concise statement, Appellants raised issues relating to both the pre-hearing phase of the litigation and the hearing, itself.

As to the issues claiming pre-hearing error, the lower court opined:

> All pre-trial issues raised by Appellants were decided by a judge of coordinate jurisdiction. The law of the case doctrine embodies the concept that a court involved in later phases of a litigated matter should not reopen questions decided by another judge of the same court, or by a higher court, in earlier phases of the matter. ***True R.R. Assocs., L.P. v. Ames True Temper, Inc.***, 152 A.3d 324 (Pa.Super. 2016). Within this doctrine lies the directive that judges sitting on the same court in the same case should not overrule each other's decisions, otherwise known as the coordinate jurisdiction rule. ***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265 (Pa.Super. 2016). Therefore, only Appellants' complaints related to the assessment of damages hearing before [the lower] court will be addressed.

Lower Court's Pa.R.A.P. 1925(a) Opinion, 2/11/20, at 2.

Accordingly, the court did not review the two pre-hearing issues Appellant has briefed for our review, which are, as follows:

1. Are the motions to strike judgment moot in light of the intervening appealed compulsory arbitration award?

2. Did [the Office of Judicial Records] have authority to enter judgment by default . . . [where the] default judgment relies upon a defective form of notice of intent to enter judgment.

Appellant's brief, at 11.

We first address Appellant's second issue, which assails the adequacy of Appellees' Notice of intent affixed to its Petition for Default Judgment, as we find it dispositive. Our standard of review of is well-settled:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

*AmeriChoice Fed. Credit Union v. Ross*, 135 A.3d 1018, 1023 (Pa. Super. Ct. 2015) (quoting *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267–68) (Pa.Super. 2015)) (internal citations, quotation marks, brackets, and italicization omitted).

Pennsylvania Rule of Civil Procedure 237.1(a)(2) prohibits the trial court prothonotary from entering default judgment against a party "unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered ... after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe

- 5 -

to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2)(ii). Rule 237.5 requires the 237.1(a)(2) notice to "substantially" comply with a prescribed format, which includes the following language regarding the written notice:

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

. . . .

Pa.R.C.P. 237.5.

On March 27, 2019, Appellees attached a written "Notice of Intention to Take Default" by filing a praecipe for default judgment ("the Notice"). Appellees' Notice, however, incorporated language from a prior iteration of Rule and thereby deviated from the prescriptions of current Rule 237.5. Such deviation is indicated in italics:

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED *TO TAKE ACTION REQUIRED OF YOU IN THIS CASE*. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, AS SET FORTH ABOVE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE.

. . . .

Appellees' Notice of Intention to Take Default, 3/27/19.

Three days after receiving this notice, Appellants filed their Petition to Strike in which they raised, *inter alia*, the very objection to the written Notice of Intent raised here on appeal. We thereby find this issue preserved for our review.

In positing that Appellees' Notice failed to "substantially comply" with current Rule 237.5, Appellants point to its lack of specificity in describing what Appellants failed to do that led to the issuance of the Notice. Appellants cite several decisions, which involved virtually identical circumstances to the case *sub judice*, that have held substantial compliance was absent where the Notice used language from a rescinded version of Rule 237.5 without notifying the defendant specifically what it failed to do. *See Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 796 (Pa.Super. 2013); *City of Philadelphia v. David J. Lande Advertising, Inc*., 33 A.3d 674 (Pa. Cmwlth. 2011); *AmeriChoice*, *supra*.

Appellees concede their Notice departs from the precise language of Rule 237.5, but they argue it nevertheless "substantially complies" with the prescribed format, as required by the Rule, when read in conjunction with the cover letter accompanying it. *See* Appellees' Brief, at 4. Specifically, Appellees' cover letter provided, in pertinent part:

> Enclosed please find Plaintiffs' Notice if Intention to Take Default against you with regard to the above-referenced matter. Plaintiffs' Complaint was served at your place of business on June 28, 2018. Under the Civil Rules of Procedure, you had until July 18, 2018 to answer Plaintiffs' Complaint. You failed to do so.

> As of today's date, no answer has been filed. Therefore, you are in default because you have failed to take action required in this case. . . .

Appellees' Cover Letter, 11/20/18.

This Court, however, has declined to find a facially deficient Notice in substantial compliance when merely accompanied by separate documents indicating required actions by the defendant in response to a complaint. In **AmeriChoice**, this Court confirmed the shortcomings of a Notice containing the general statement that the defendant "failed to take action required of you in this case," even where the statement was augmented with an accompanying court order indicating the defendant had been required to file a responsive pleading to the plaintiff's complaint.

Specifically, the panel majority reasoned that the Notice remained deficient where it neither referenced nor explained the purpose of the accompanying court order requiring defendant to file a responsive pleading to the complaint:

> In **Oswald**, the plaintiff initiated an action against the defendant by filing a complaint with proper service. After the defendant failed to respond to the complaint, the plaintiff sent the defendant notice of her intention to file a praecipe for default judgment. The default judgment notice provided in **Oswald** stated, in relevant part, "You are in default **because you have failed to take action required of you in this case.**" **Id**. at 796 (emphasis added). The **Oswald** Court found that this language was "deficient," as the notice failed to state "**specific** reasons **why** the defendant is in default." **Id**. at 796 (quoting **David J. Lane Adver., Inc.,** 33 A.3d at 679) (emphasis in the original). The Court concluded that failing to include specific reasons for the defendant's default in the notice of default judgment renders the notice "defective on its face," as the document is "not

'substantially' in the form required by Rule 237.5." **Id**. In so holding, the **Oswald** Court adopted the reasoning of the Commonwealth Court in **David J. Lane Advertising**, wherein it explained:

> The general "failed to take action required of you in this case" language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form—"failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. [ ] 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments."

> In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant **specifically** what it failed to do (i.e., why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of **why** the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in

> many cases unrepresented at that point, of the defendant's specific pleading obligations.
>
> ***Id.*** at 678–79 (internal citations omitted; emphasis in original).
>
> The Commonwealth Court examined the above legislative and judicial history in the context of its holding in ***Township of Chester v. Steuber***, 72 Pa.Cmwlth. 134, 456 A.2d 669 (1983) and subsequent amendments to Rule 237.5. ***Id.*** at 678–80 [456 A.2d 669]. Ultimately, the Commonwealth Court concluded that the amendments to Rule 237.5 "impose an **additional** notice requirement on a [plaintiff] who wishes to obtain a judgment by default ... the [plaintiff] must now include in the [Ten]-Day Notice **specific** reasons **why** the defendant is in default." ***David J. Lane Advertising***, 33 A.3d at 679 (emphasis in original).

***Oswald***, 80 A.3d at 795–96 (footnote omitted, emphasis in the original).

The Notice provided by AmeriChoice to Homeowners in the case at bar stated, in relevant part, "You are in default **because you have failed to take action required of you in this case.**" AmeriChoice's Praecipe for Default Judgment, 6/4/13, at 2 (emphasis added). This is identical to the language contained in the deficient notice of default judgment provided in ***Oswald. See Oswald***, 80 A.3d at 796. **The record further reflects that AmeriChoice mailed, together with the Notice, the trial court's May 1, 2013 order requiring Homeowners to file a responsive pleading to AmeriChoice's complaint and the federal district court's May 23, 2013 order dismissing Homeowners' motion to remove the underlying foreclosure action. The default judgment notice, however, did not reference the trial court's order in any manner or explain why AmeriChoice also included the federal district court's order. There were simply three separate documents included in a single envelope.**

We disagree with AmeriChoice that the mere inclusion of two court orders in the mailing that contained the Notice differentiates this case from the circumstances of ***Oswald. See*** AmeriChoice's Brief at 32–33. **Rule 237.5 provides the information that must be contained in the default judgment notice itself. *See***

**Pa.R.C.P. 237.5. On the face of the Notice in the case at bar, there is no explanation or reference to the basis for entering default judgment against Homeowners.** There had been numerous filings in several different courts over the life of this case,[] making the need for specificity in the default judgment notice all the more necessary. Furthermore, Homeowners are proceeding *pro se* in this matter, and thus, "a more specific notice of **why** [Homeowners were] in default that tracks the earlier [order]" would have served as "a reminder" of Homeowners' "specific pleading obligations."[] **Oswald**, 80 A.3d at 796 (quoting **David J. Lane Adver., Inc.**, 33 A.3d at 679) (emphasis in the original).

The law is clear that generally, default judgments are disfavored. **Attix v. Lehman**, 925 A.2d 864, 866 (Pa.Super.2007) (citation omitted). AmeriChoice failed to provide any indication on the face of the Notice of precisely why default judgment would be entered against Homeowners. This constitutes a failure to comply with the format contained in Pa.R.C.P. 237.5, and thus constitutes a violation of Pa.R.C.P. 237.1(a)(2). **The inclusion of two additional orders, without reference thereto in the default judgment notice, does not cure this defect.** "It is well[ ] established that a record which reflects a failure to comply with Pa.R.C.P. 237.1 is facially defective and cannot support a default judgment." **Oswald**, 80 A.3d at 796 (citation omitted).

**AmeriChoice**, 135 A.3d 1018, 1024–26 (Pa.Super. 2015) (emphasis in bold with underline added).

Guided by this precedent, we are constrained to conclude Appellees' Notice failed to inform Appellants of the specific reasons why they were receiving the Notice of the Intent to Seek Default Judgment. Under Pa.R.C.P. 237.5, Appellees were required to indicate on the "face of its Notice" precisely why default judgment would be entered against Appellants. Their Notice provided no such explanation.

The cover letter accompanying the Notice failed to remedy the defect, as the Notice itself never referred to the cover letter, let alone specified that

- 11 -

the cover letter informed Appellants of the specific reasons they were receiving this Notice. *See AmeriChoice*, 135 A.3d at 1026 ("The inclusion of two additional orders, without reference thereto in the default judgment notice, does not cure this defect.").

As was observed in *AmeriChoice*, such a failure to comply with the format contained in Pa.R.C.P. 237.5 constitutes a violation of Pa.R.C.P. 237.1(a)(2), and renders the record facially defective and, thus, incapable of supporting a default judgment. *Id.* at 1026 (quoting *Oswald*, 80 A.3d at 796 (citation omitted)). "Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio*[,]" and, as such, "must be stricken without regard to the passage of time." *Oswald* at 797 (citation and italicization omitted). We therefore have no choice but to vacate the lower court's judgment entered in this matter and remand the case for further proceedings.

Judgment reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21